IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond L. Eichenberger,

      Plaintiff,

v.

Cardinal Health, Inc.,

      Defendant.

Case No. 2:17-cv-113

Judge Graham

Opinion and Order

Plaintiff Raymond L. Eichenberger, proceeding *pro se*, brings this action against defendant Cardinal Health, Inc. Eichenberger alleges that defendant wrongfully terminated the dependent health insurance coverage he received as the spouse of a Cardinal employee. This suit was originally filed in state court and was removed by Cardinal to this court on the grounds that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*., governs plaintiff's claim.

This matter is before the court on plaintiff's motion for a temporary restraining order, which the court denies for the reasons stated below.

I.     Background

Eichenberger was married to Maxine Irvine, who has been employed by Cardinal since 2009. Eichenberger was covered on the family health insurance policy that Irvin obtained through Cardinal at the beginning of 2016.

Irvin filed for divorce in the Franklin County Court of Common Pleas in late 2014. On September 7, 2016, the state court issued a decree of divorce that, among other things discussed below, terminated the marriage. (Doc. 13-2).

The Cardinal Plan provided that divorce is an event which constitutes a qualified change in status, allowing the participant to make a new election. (Doc. 13-1 at § 4.5(A)). On September 13, 2016, Irvin notified Cardinal of the termination of her marriage and Eichenberger's coverage was immediately terminated. (Doc. 13-3 at ¶ 2).

On October 5, 2016, Cardinal issued a COBRA notice to Eichenberger, informing him of his right to continue coverage for up to 36 months. (Doc. 13-4). He responded by letter on

November 3, 2016 stating that he would not be electing COBRA coverage. (Doc. 13-5). Eichenberger asserted in the letter that the divorce decree had been stayed and alleged that the effect of the stay was that "I am not legally divorced from Maxine." (Id.). Eichenberger, who is an attorney,[1] warned Cardinal's representative that "unless you are an attorney, you have no qualifications to be construing these court Orders." (Id.).

Eichenberger had in fact appealed the state court's September 7, 2016 order. But that order was not a run-of-the-mill decree granting a divorce. The order recited at length the misconduct in which Eichenberger had engaged during the course of the divorce proceeding. The court found that Eichenberger had: "engaged in fraudulent disposition of marital assets"; "blatantly refused to provide full discovery" regarding his income, business records and bank accounts "despite multiple Court Orders to do so"; "behav[ed] in a manner that is overtly hostile and combative"; "prevented the Court from making a clear, reasoned, and accurate determination of the parties' marital assets"; engaged in "frivolous behavior" throughout the course of the litigation; exhibited a "flagrant disregard" for the authority of the court; and had such a lack of candor that it reflected "his disdain for the profession." (Doc. 13-2 at PAGEID#160, 166, 168, 178). As a result, the court held that it would be inequitable to award Eichenberger his dower interest in certain marital property, and it ordered him to pay his wife's attorney's fees and held him in contempt and imposed a sentence of three days incarceration.

On November 2, 2016 the state court issued a stay order that restrained the parties from encumbering or transferring their assets pending appeal. (Doc. 13-7). The stay order did not contain any language vacating, reversing or staying the termination of the marriage. Nor did the stay order (or the September 7 order) make any mention of entitlement to health insurance coverage or benefits. The appeal remains pending.

On November 22, 2016, Cardinal sent a letter to Eichenberger stating that it would not reinstate his coverage unless he provided "documentation to confirm that the date of the divorce has been postponed." (Doc. 13-6). The letter further stated that "[i]n the meantime, you have the

---

[1] The letter was written on Eichenberger's letterhead, which identified him as an "Attorney at Law" and included his business address, phone number and internet address. The court takes judicial notice that five months before he wrote the letter, the Ohio Supreme Court had suspended Eichenberger from the practice of law for two years for commingling personal and client funds in his client trust accounts, failing to respond to demands for information by the Disciplinary Counsel and making material misrepresentations to the Disciplinary Counsel in an attempt to conceal irregularities in his client trust accounts. See Disciplinary Counsel v. Eichenberger, 146 Ohio St.3d 302 (2016).

right to submit claims under the Plan. If any claims are denied due to the termination of your coverage, you have the right to appeal the denial . . . ." (Id.).

After receiving the November 22, 2016 letter, Eichenberger did not submit any claims for medical services received between September 7 and December 31, 2016. (Doc. 13-3 at ¶ 7).

**II.     Standard of Review**

Temporary restraining orders are authorized under Rule 65(b) of the Federal Rules of Civil Procedure. They are extraordinary remedies governed by the following considerations: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent an injunction, (3) whether issuance of the injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the requested injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." Gonzales v. Nat'l Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000); accord Jolivette v. Husted, 694 F.3d 760, 765 (6th Cir. 2012).

**III.    Discussion**

In his motion for a temporary restraining order,[2] plaintiff seeks an order requiring Cardinal to reinstate his health insurance coverage. The court finds that plaintiff has not demonstrated a strong likelihood of success on the merits. Plaintiff's claim hinges entirely on his assertion that the termination of his marriage was somehow vacated or stayed by the state court's stay order of November 2, 2016. The stay order says nothing of the sort, nor is there any evidence that plaintiff's appeal seeks a reversal of the termination of the marriage. The stay order merely restrains the parties' ability to distribute their assets and prevents them from dissipating the value of the marital estate. The stay order did not change the marital status of the parties. The statement in plaintiff's affidavit that "the Stay of the Divorce Decree of November 2, 2016, had the legal effect that the Plaintiff and Maxine Irvin were not divorced, but were still legally recognized as husband and wife" (Doc. 6 at ¶ 9) is not a true statement or plausible interpretation of the stay order.

---

[2] The motion does not contain a request for a hearing. Attached to the motion is plaintiff's affidavit. The memorandum in support of the motion is scarcely one page long and contains no discussion of the four factors that courts consider in evaluating a motion for preliminary relief.

Cardinal, in contrast, has demonstrated that it has a strong likelihood of success in defending against plaintiff's claim. Plaintiff's marriage to Irvin was terminated by court order on September 7, 2016. Irvin timely notified Cardinal under the Plan that the divorce constituted a qualified change in status, and plaintiff's dependent coverage was accordingly terminated. In compliance with federal law, see 26 U.S.C. § 4980B, 29 U.S.C. § 1161, and with the Plan, Cardinal provided to plaintiff notice of his right to enroll in COBRA coverage, which he declined. Cardinal therefore extended to plaintiff the only coverage to which plaintiff had a right to elect to receive.

Further, the court finds that plaintiff has not demonstrated that he will suffer irreparable injury absent emergency relief. Even if plaintiff is correct that he was entitled to remain as a covered dependent because the state court stayed the termination of marriage, such an entitlement would be valid only for the duration of the 2016 Plan year. (Doc. 13-1 at § 2.51 (defining a "Plan Year" as lasting from January 1 to December 31)). It is uncontroverted that Irvin did not enroll or attempt to enroll plaintiff as a dependent when she elected her health insurance coverage for 2017. Thus, at most, any alleged improper denial of benefits by Cardinal occurred during a three month period that ended on December 31, 2016, and plaintiff's alleged injuries can be redressed through an award of monetary damages. See 29 U.S.C. § 1132(a)(1)(B) (providing a private cause of action under ERISA to recover benefits due under the terms of the plan).

## IV. Conclusion

Accordingly, plaintiff's motion for a temporary restraining order (Doc. 6) is DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 31, 2017