IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond L. Eichenberger,

    Plaintiff,

v.

Cardinal Health, Inc.,

    Defendant.

Case No. 2:17-cv-113

Judge Graham

Opinion and Order

Plaintiff Raymond L. Eichenberger, proceeding *pro se*, brings this action alleging that defendant Cardinal Health, Inc. wrongfully terminated the dependent health insurance coverage he received as the spouse of Maxine Irvin, a Cardinal employee. Plaintiff's complaint seeks declaratory relief stating that defendant has an obligation under federal and state law to provide him with health insurance coverage. Plaintiff also alleges that defendant committed violations of federal and state law in terminating his coverage, and he seeks compensatory and punitive damages.

This matter is before the court on defendant's unopposed motion for judgment on the pleadings. "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). See Hindel v. Husted, 875 F.3d 344, 346 (6th Cir. 2017). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). In order to withstand the motion, the "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

1

Defendant correctly notes that this suit concerns coverage under a benefit plan offered through an employer for the purpose of providing medical and related benefits to employee participants and their beneficiaries. See Compl., ¶ 4. Claims related to the Plan are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1003(a).

In his complaint, plaintiff asserts that his entitlement to benefits is, in part, based upon state law and that defendant has committed violations of state law by denying him Plan benefits. Although the complaint fails to identify which state law or laws are implicated, the court finds in any event that ERISA preempts plaintiff's state law claims. See 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."); Cromwell v. Equicor–Equitable HCA Corp., 944 F.2d 1272, 1275-76 (6th Cir. 1991).

The court further finds that the complaint's demands for compensatory and punitive damages and for a jury trial must be dismissed. It is well-settled that "extracontractual compensatory and punitive damages are not available under ERISA" and that that "there is no right to a jury trial on ERISA claims for recovery of benefits." Vargas v. Child Dev. Council of Franklin Cnty., Inc., 269 F.Supp.2d 954, 956-57 (S.D. Ohio 2003) (citing cases).

Finally, defendant moves to dismiss plaintiff's ERISA claim on the ground that the complaint names the wrong defendant. Plaintiff has sued Cardinal Health, Inc., the Plan Sponsor, rather than the Plan itself. See Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 522 (6th Cir. 2010) (the plan administrator is the proper defendant in an ERISA action concerning benefits).

In response, plaintiff has moved to voluntarily dismiss his complaint without prejudice to refiling. Plaintiff states that certain issues are currently being resolved in his state court divorce proceeding with Maxine Irvin that will influence whether he wishes to proceed with this litigation.

Defendant argues that any grant of a dismissal without prejudice should be conditioned upon reasonable terms. See Fed. R. Civ. P. 41(a)(2); Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953-54 (6th Cir. 2009) ("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice.").

The court agrees that a dismissal of the complaint should be conditioned on certain terms. First, as set forth above, plaintiff's state law claims and demands for damages and a jury trial are

dismissed with prejudice.  Second, an ERISA claim for recovery of benefits is plaintiff's sole claim arising from the facts alleged in the complaint.  As such, in a refiled action, the defendant (assuming the proper defendant is named), may proceed immediately with filing the Administrative Record and moving for judgment thereon.

Accordingly, defendant's motion for judgment on the pleadings (doc. 29) is granted as to plaintiff's state law claims and demands for damages and a jury trial.  The court declines to rule on the motion as it concerns whether the named defendant is a proper party to an ERISA claim.  Plaintiff's motion to voluntarily dismiss his claims without prejudice is granted as to his ERISA claim for benefits but denied as to the remainder of the claims in the complaint.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 27, 2018